UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-60787-CIV-ALTONAGA/Seltzer

**JOSE RAMON MORALES** and
**ROBERT WAYNE JORDAN**,

    Plaintiffs,

v.

**JAMES S. COLEMAN**,

    Defendant.

    _____/

### ORDER

**THIS CAUSE** came before the Court on Plaintiffs, Jose Ramon Morales and Robert Wayne Jordan's Motion for Leave to File Amended Complaint [ECF No. 33], filed August 7, 2018. Defendant, James S. Coleman, filed a Response [ECF No. 34], to which Plaintiffs filed a Reply. [ECF No. 35]. The Court has carefully considered Plaintiffs' Complaint [ECF No. 1], Plaintiffs' Proposed Amended Complaint [ECF No. 33-2], the parties' written submissions, the record, and applicable law. For the reasons that follow, the Motion is denied.

### I.   BACKGROUND

Plaintiffs seek leave to amend their initial Complaint to assert individual coverage under the Fair Labor Standards Act ("FLSA"). (*See* Mot. 1). Plaintiffs' Proposed Amended Complaint contains two additional allegations asserting individual coverage, not present in their initial Complaint. (*See* Proposed Am. Compl. ¶¶ 3–4). Defendant objects to Plaintiffs' Motion noting the Court's Order Setting Trial and Pre-Trial Schedule ("Scheduling Order") [ECF No. 14], entered on June 12, 2018, gave the parties until July 24, 2018 to amend any pleadings (*see id.* 1),

and contending Plaintiffs have not established good cause to modify the Scheduling Order. (*See generally* Resp.).

## II. LEGAL STANDARD

"[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) (alteration added; citation omitted). A plaintiff seeking leave to amend after the deadline in a scheduling order must show 'good cause' under Federal Rule of Civil Procedure 16(b). *See S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). A district court's denial of a motion for leave to amend a complaint is reviewed for abuse of discretion. *Covenant Christian Ministries, Inc. v. City of Marietta, Ga.*, 654 F.3d 1231, 1239 (11th Cir. 2011) (citation omitted).

## III. ANALYSIS

Plaintiffs' counsel argues that on August 6, 2018, during discussions with Plaintiffs, he "learned for the first time that FLSA's individual coverage applied to both Plaintiffs." (Mot. 6). He later clarifies that on August 6, 2018, Plaintiffs "found and produced to their counsel documentary evidence, including e-mails, supporting individual coverage . . . ." (Reply 1). Plaintiffs thus assert "this newly discovered evidence supports [their] amending their Complaint to add individual coverage." (*Id.* (alteration added)).

Defendant disagrees, stating "the deadline for amending the pleadings has passed, no new facts had been discovered which supported amending the complaint to advance a new theory of liability, and there is no showing of good cause to allow modification of the Scheduling Order." (Resp. 2). Defendant asserts Plaintiffs fail to show good cause to modify the Scheduling Order in light of Plaintiffs' counsel's own lack of diligence — Plaintiffs' counsel discovered the

information to assert an individual coverage theory of liability from discussions with Plaintiffs months after filing the Complaint. (*See id.* 3).

Plaintiffs concede their Motion was filed "13 days after the Court's deadline to amend pleadings." (Reply 2). Yet Plaintiffs insist they have shown good cause for the amendment on the basis of "newly discovered" evidence. (*See id.* 3). Plaintiffs further contend Defendant does not identify any prejudice he would suffer through the amendment. (*See id.* 2). Plaintiffs also note the amendment would not affect any of the Court's other deadlines as the discovery period closes on September 24, 2018 and Plaintiffs have not yet been deposed. (*See id.* 3).

The Court agrees with Defendant. "A lack of diligence in pursuing a claim is sufficient to show a lack of good cause," *Quinn v. Deutsche Bank Nat. Trust Co.*, 625 F. App'x 937, 940 (11th Cir. 2015) (citation omitted), as "[d]iligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry." *Roberson v. BancorpSouth Bank, Inc.*, No. 12-06669, 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013) (alteration added; citations omitted). "A plaintiff lacks diligence when, prior to the scheduling order deadline, he either (1) had full knowledge of the information with which he later sought to amend his complaint, or (2) failed to seek the information he needed to determine whether to amend the complaint." *Donley v. City of Morrow, Ga.*, 601 F. App'x 805, 811 (11th Cir. 2015) (citation and footnote call number omitted).

As Plaintiffs' counsel "failed to seek the information . . . needed to determine whether to amend the complaint" (*id.*), before the deadline to amend pleadings, Plaintiffs do not show diligence in pursuing their claims. While Plaintiffs' counsel asserts he did not learn about Plaintiffs' purported claim to an individual coverage theory of liability until after the deadline to amend pleadings (*see generally* Mot.; Reply), as Defendant notes, "[t]his was precisely the kind of reasonable inquiry that Plaintiffs' counsel (who has filed hundreds of Fair Labor Standards

3

Act lawsuits in this Court) should have made prior to filing this action . . . ." (Resp. 3 (alterations added)). Almost four months have passed since Plaintiffs filed the Complaint, and almost two months have passed since the Court entered its Scheduling Order. The Court is hard-pressed to accept Plaintiffs' counsel's characterization of evidence obtained from documents and discussions in Plaintiffs' possession as "newly discovered." (*See generally* Mot; Reply). Had Plaintiffs' counsel exercised reasonable diligence, he certainly would have learned of this "newly discovered" evidence before the deadline.

The Court is also not persuaded by Plaintiffs other arguments. First, even assuming Plaintiffs' amendment would not prejudice Defendant, Plaintiffs' failure to exercise reasonable diligence before the deadline forecloses amendment of the Complaint. *See J.P.M. v. Palm Beach Cty. Sch. Bd.*, No. 10-80473-CIV, 2012 WL 13085329, at *2 ("Even if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made." (citation omitted)).

Finally, that only 13 days have passed since the deadline, rather than months, does not mitigate Plaintiffs' burden to establish good cause through a showing of diligence. *See, e.g.*, *Estate of Hirata v. Ida*, No. 10-00084, 2012 WL 13081960, at *2–3 (D. Haw. Mar. 7, 2012) (denying motion for leave to amend pleading where plaintiff filed its motion only a few weeks after the court's deadline to amend pleadings); *see also Rogers v. Hartford Life and Acc. Ins. Co.*, No. 12-0019, 2012 WL 2395194, at *1 n.3 (S.D. Ala. June 22, 2012) ("[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." (alterations in original; internal quotation marks and citation omitted)).

CASE NO. 18-60787-CIV-ALTONAGA/Seltzer

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Plaintiffs, Jose Ramon Morales and Robert Wayne Jordan's Motion for Leave to File Amended Complaint **[ECF No. 33]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 8th day of August, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record